## NEW ORLEANS, JACKSON AND GREAT NORTHERN RAILROAD
### v. LUCY P. MOORE.

1. RAILROAD-COMPANIES: MEASURE OF DAMAGES FOR LOST BAGGAGE.—In an action against a railroad company to recover the value of a trunk, containing clothing etc., lost by their negligence and carelessness, it is not admissible to prove, as a means of ascertaining the damage, the amount expended in purchasing clothing and other articles necessary to supply the immediate wants of the party. The value of the trunk and contents is the true measure of damage.
2. COMMON CARRIERS: ATTORNEYS' FEES NOT RECOVERABLE IN ACTION AGAINST, FOR BREACH OF CONTRACT.—In actions against common carriers for breach of contract, attorneys' fees for bringing the suit are not recoverable: otherwise in actions in tort.
3. COMMON CARRIERS, RESPONSIBLE TO PASSENGER FOR LOSS OF REASONABLE AMOUNT OF BAGGAGE.—Common carriers are only responsible to a passenger for the loss of a reasonable amount of baggage, to include such articles as are necessary and convenient for the personal use of the passenger, and usual for persons traveling to take with them.

ERROR to Circuit Court of Copiah county. Hon. John E. McNair, Judge.

The defendant in error sued plaintiff in error to recover the value of a trunk and contents, delivered to said plaintiff to transport, as passengers' baggage, from Hazlehurst to Jackson. The complaint alleges "that the railroad company, not regarding *their duty as common carriers*, did not, nor would safely or securely carry or convey the trunk and its contents, nor safely and securely deliver the same at Jackson within a reasonable time."

Plaintiff in error pleaded the general issue and that the baggage was not delivered to them, nor did they agree to receive the same, for the purposes of transportation. A trial was had on the issues evolved by the pleading, and a verdict and judgment rendered in favor of defendant in error for the sum of seven hundred and fifty dollars. A motion for a new trial made by plaintiff in error, overruled by the Court below, a bill of exceptions tendered, and a writ of error prosecuted to this court.

It was proven on the trial that defendant in error took the cars of plaintiff in error at Hazlehurst station, on the 24th of December, 1858, to be transported as a passenger to Jackson, Miss., her ultimate destination being Richmond, La., via Vicksburg.

That at the time defendant in error took the cars of plaintiff in error, her trunk, *something above the medium size*, was in the charge of one Norrell, hotel porter at Hazlehurst, who put it, or saw it put, into the baggage-car, the baggage-master being at the time busy. Norrell asked for a check, and told the baggage-master it was to go to Vicksburg, after being asked by him its destination.

The cars got in motion before the baggage-master had time to give a check for the trunk. When the cars had gone about fifteen paces, the trunk fell out at the open side-door, falling on its end, and witness thinks it was kicked or pushed out. That Norrell picked up the trunk and attempted to place it on the platform, the cars being still in motion, but failed. The trunk was taken to the Kilpatrick hotel, where it remained until defendant in error gave orders for its shipment. Norrell put it into the depot-house of plaintiff in error with directions to ship it to defendant in error, or to her direction. Here it remained about two or three weeks without any marks upon it or directions on it showing what disposition was to be made of it. The trunk was finally received by defendant in error about the 7th of February, 1859, at Jackson, Miss., having been broken open, and its contents in a ruined and worthless condition.

That defendant in error was a resident of Bolivar county, Miss., and, on arriving at Jackson, knowing that her trunk was left behind, waited for it until the next day, then continued her journey, and expended from one hundred to one hundred and seventy-five dollars for clothing, shoes, etc., to supply her immediate wants, occasioned by the loss of the trunk. Plaintiff in in error objected to the introduction of this evidence, which objection was overruled, and the decision excepted to.

That the trunk was worth about twenty-eight dollars, and contained the entire wardrobe of defendant in error, consisting of cloaks, shawls, dresses and other usual articles of ladies' wear, also quilts, counterpanes, ambrotypes and the clothes of a deceased child.

Plaintiff in error objected to the introduction of the evidence of the contents of the trunk, other than the necessary and usual wearing apparel of a lady traveling. The objection was overruled and plaintiff in error excepted.

That the articles in the trunk were invaluable to defendant in error, but, independent of the child's clothing and mementoes, were worth five hundred dollars.

The fourth assignment of error is, "the court below erred in refusing to instruct the jury, that if the agent of defendant in error put the trunk in question at depot of plaintiff in error without directions for shipping, plaintiff in error was not liable."

The fifth assignment "that the court erred in refusing to instruct the jury for plaintiff in error, that the jury were not authorized to give defendant in error attorneys' fees for prosecuting the suit."

*King* and *Barlow* for plaintiff in error.

1. That the railroad company are not liable for anything of a passenger's, except what is necessarily baggage. Pierce's Am. Railroad Law, 495,496 ; Angell on Law of Carriers, sections 115, 116, 117 ; Greenleaf's evidence, section 221, note 4.

2. That a common carrier is not liable for consequential damages, such as attorneys' fees, etc., or exemplary damages. Angell on Carriers, section 482 *et seq.*, 453 *et seq.*; Pierce's Am. Rail-

road Law, 465, 466; 2 Greenleaf's evidence, section 253, note 2, *et seq.*

3. The .agent of defendant in error should have given directions as to where and when to ship the trunk, the mere placing of it in the depot could not render them liable for it. Angell on Law of Carriers, section 461–5, pages 434, 435, 437.

*Harris* and *Hurst*, for defendant in error, contended,

That there was no restriction as to the amount of baggage a passenger may carry, except that he may not take merchandise as baggage, or articles ·of great value, such as diamonds and precious jewels, without apprising the carrier, so, as to enable him to use the care which the great value of the articles would induce. 2 Story on Contracts, section 768.

The character and quantity of wearing apparel is not prescribed.. A lady equipped for Saratoga or Cape May may take thirty dresses, worth one hundred dollars each.

That as to the matter of damage, there can be but little difference between negligent and contemptuous treatment of a traveler and the like treatment of his baggage. The trunk was kicked off the cars, was sent to the station, and there neglected, broken open, and its contents pilfered, destroyed, and exposed, causing a mortification to the owner, owing to the peculiar character of its contents, much keener than any personal indignity would inflict. Sedgwick on Dam., pages 27, 28.

As to the question of attorneys' fees, the point has been decided by this court. *N. O. G. N. R. R.* v. *Whitton,* 38 Miss. 242.

*Sturgis Milling,* on same side, argued,

That common carriers are responsible for exemplary damages when the act complained of is committed "by their wrong, gross negligence or wilful act." Sedgwick on Dam. 38, 39, 551; *Pacific Insurance Co.* v. *Conant,* 1 Baldwin (Penn.), 138.

HARRIS, J., delivered the opinion of the Court.

The defendant in error filed her complaint, in the Circuit Court of Copiah county, to recover of the plaintiff in error,

New Orleans, Jackson and Great Northern R. R. *v.* Moore.

as common carriers, the value of a trunk and its contents, delivered to the plaintiff in error, to be transported by him, on his railroad, to Jackson, Miss., from Hazlehurst, in the County of Copiah, which it is alleged, through the carelessness, negligence and default of the plaintiff in error, were wholly lost to the said defendant in error.

To this complaint the plaintiff in error filed two answers, the first saying that he is not guilty of the wrong and injury alleged in the complaint, and the second denying the delivery to or receipt by him of the goods in the declaration mentioned, or any part thereof, to be carried and delivered, etc., as complained in the declaration.

Upon these issues there was a jury, and verdict for the defendant in error, and a motion for a new trial, which was refused. The plaintiff in error excepted, and filed his bill of exceptions, and now prosecute his writ of error here, to reverse the judgment below.

The first error assigned is that the court erred in refusing to exclude, on motion of the plaintiff in error, testimony tending to prove other damages than the value of the trunk and its contents.

The defendant in error offered to prove, as appears by the bill of exceptions, that she expended from one hundred to one hundred and seventy-five dollars for clothing, shoes, etc., to supply her immediate wants, occasioned by the loss of the trunk. To the introduction of this testimony plaintiff in error objected, the objection was overruled by the court, and testimony admitted. This was clearly erroneous. This is an action to recover damages for a breach of contract—no special damages are alleged in the complaint. The value of the trunk and its contents (within the rule limiting their responsibility, and requiring the transportation of usual passengers' *baggage*, by common carriers of such), is all that can be recovered in this form of action. To allow the defendant in error to recover for clothing, etc., to supply her immediate wants, and also for those that were lost, would be, to that extent, to charge the plaintiff in error double damages for the article so lost and replaced.

It was further proposed to be proven what would be reasonable attorneys' fees for prosecuting a suit of this kind; and the evidence objected to, and the objection overruled.

This was also erroneous, for the same reasons.    The action is not in *tort*, but for a breach of contract, and the *actual damage* arising from the breach is the measure of recovery in this form of action.

The second assignment of error is that the jury were instructed that they might assess damages for attorneys' fees, and assess exemplary as well as actual damages.

We have already seen that this was erroneous.

The third assignment of error is, that the court refused to instruct the jury that the defendants below were only responsible to a passenger for the loss of such reasonable amount of baggage, to include such articles as are necessary and convenient for the personal use of the passenger, and usual for persons traveling to take with them.

This instruction properly states the rule of law governing this case on that subject, and should have been, therefore, given as asked.

The fourth error assigned, it is needless to consider, as the refusal of the instruction could not possibly have prejudiced the defendant below, under the evidence in the record.

The fifth assignment of error has already been considered, under the first and second assignments.

The last ground of error relates to the refusal to grant a new trial.

It follows from what we have already said that a new trial should have been granted.

Let the judgment be reversed, cause remanded, and a *venire de novo* awarded.


Handy, C. J., being interested as a stockholder in the railroad company, did not sit in this case.