## Miss. Central Railroad Co. v. John Kennedy.

1. COMMON CARRIERS: PASSENGERS' BAGGAGE.—The proprietors of stage coaches, steamboats, and railroads, for the fare paid by passengers, are, by common usage, bound to transport and deliver their baggage. This liability is limited to ordinary baggage, consisting of such articles of necessity or convenience as are usually carried by passengers for their personal use, comfort and convenience, and does not include merchandise or other valuables not designed for any such purpose.

2. SAME : SAME : EXPENSES OF SEARCH NOT RECOVERABLE.—In an action of assumpsit against a common carrier to recover lost baggage of a passenger, his expenses in searching for the same are not recoverable.

ERROR to the Circuit Court Court of Carroll county. Hon. Wm. Cothran, judge.

*E. C. Walthall* for plaintiff in error.

That the action was *not* founded in tort will clearly appear from an inspection of the declaration.

A special contract to carry a passenger and his baggage is clearly alleged, and to establish this contract and its breach, the proof was directed.

Nothing in the nature of a tort was either charged or proven.

The "baggage" of a passenger does not include such articles as watches (more than one), or ladies' dresses, unless it be the baggage of a lady—or percussion caps, &c. A carrier cannot be made responsible for merchandise carried as baggage, unless a reward be paid for its transportation. *Smith and Wife* v. *Boston and Maine Railroad*, 44 New Hampshire, 325; *Pardue* v. *Drew*, 25 Wend. 459; *Collins* v. *Boston and Maine Railway*, 10 Cush. 506; *Giles* v. *Fauntleroy*, 13 Md. Rep. 126.

The concealment by the plaintiff in error of the real contents of his trunk was a fraud, and is enough of itself to defeat his recovery beyond the value of his ordinary baggage. *Coxe* v. *Hurley*, 19 Penn. St. 243; *Rief* v. *Raff*, 3 Wall. & S. p. 21.

*Russell & Somerville* on same side.

The action in this case was instituted by Kennedy, in the court below, against the R. R. Company, on its implied undertaking as a common carrier of passengers and baggage, for the contents of a trunk lost by the company.

The trunk contained, among other things, *two silver watches, two gold watches, one gold medallion,* and 2000 percussion caps.

The question raised by the pleadings and the instructions asked for the plaintiffs in error is as to the liability of the company for the value of these specific articles.

It would seem, that at this late day, the nature and obligation of the implied contract of common carriers should have been fully defined and determined.

There is no want of decisions made by courts of the highest respectability, nor of principles collated by eminent text writers, applicable to the exact point raised in this case.

Angell, in his treatise on the law of carriers, § 115, uses this language: " The implied undertaking of the proprietors of stage coaches, railroads and steamboats, to carry in safety the baggage of passengers is not unlimited, and cannot be extended beyond

*ordinary* baggage, or such baggage as a traveller usually carries with him for his personal convenience." He cites the following cases as affirming this position : *Hawkins* v. *Hoffman*, 6 Hill. (N. Y.) R. 586 ; *Smith* v. *Railway Co.*, 7 Man. Grang & Scott R. 782 ; *Jordan* v. *Fall River R. R. Company*, 5 Cush. R. 69 ; *Northern Railway Co.* v. *Shepherd*, 14 Eng. Law and Eq. R. 36.    There are two cases, found in the Reports of the Supreme Court of Tennessee, which are. quite pertinent to the present issue.

In *Bomar* v. *Maxwell*, 9 Humph. R. 621, the lost trunk contained about $160 in gold and silver coin, wearing apparel, a watch, and other articles of value.

Judge McKinney, delivering the opinion of the court, lays down the rule which is equitable for the carrier, and yet more liberal to the passenger than that of any other court whose decisions on this subject have come under our notice.

He allowed " money carried in the trunk to defray travelling expenses ; " but says : " The watch, alleged to have been in the trunk, clearly does not fall within the meaning of the term baggage ; and much less the handcuffs, locks, etc ; these certainly do not usually constitute part of a gentleman's wardrobe, nor is it perceived how they are necessary to his personal comfort on a journey in a stage coach." * * * " It is obviously impracticable," he continues, " to prescribe any uniform or very definite rule in respect to what shall be deemed baggage.    This must be left to the jury to determine in each particular case, from the habits, rank and condition of the party ; the extent and reasonable expenses of the journey ; together with all the circumstances relevant to the inquiry."    Ibid p. 625.

To the same effect is the case of *Johnson and others* v. *Stone*, 11 Humph. R. 419.

In one case, and one only, *McGill* v. *Rowland*, 3 Barr. (Penn.) R. 451, a watch has been held to be a part of a traveller's baggage, and his trunk a proper place in which to carry it.

In the case at bar, the proof shows that the defendant in error, in addition to the four watches in his trunk, was wearing

43

a gold watch upon his person at the time of the delivery and the loss of his trunk.

The authorities are so abundant and clear upon this point that it cannot be successfully contended, that the specific articles excepted to fall within the legal definition of the term baggage, as used in connection with travelling in public conveyances.

But it will be insisted that the action is founded in *tort*, and is for damages, and that the defendant in error is entitled to recover damages for all losses arising out of the dealings between the parties.

In a broad and general view, all actions at law, whether founded upon contract, covenant, assumpsit or debt, are for damages or pecuniary compensation. The only object of the plaintiff is to obtain, and the only power of the court is to make, a judgment awarding a certain amount of money, by way of redress, for the breach of the agreement. Whether the tribunal punishes wrongs, or remunerates for breach of contract, in either case its judgment simply makes compensation by awarding a certain amount of money by way of damages to the sufferer.

It would be difficult to determine, from the *mere form* of the *declaration* in this case, whether the action is for a tort or on a contract.

But we are not left to a test so uncertain as the verbiage of a prolix " *complaint*," framed under an act which allows a wide margin of discretion to the special pleader in the mode of presenting his cause to the court.

" The character of the action must be determined by the *nature* of the *grievance*, rather than the form of declaration." *Hearn* v. *McCaughn et ux.* 32 Miss. R. p. 39.    In that case the court says : " they both indicate that the action is founded on the violation of a general duty, and not on a breach of a special contract, pp. 39 and 40.

In the case now under consideration, the facts recited in the bill of exceptions and the pleadings show : That Kennedy can complain only of a violation of the contract made specially with

him, and not for anything arising out of their engagements to the public.   The agents of the railroad at Grand Junction contracted with plaintiff to convey him and his baggage from Grand Junction to Winona, in consideration of the usual fare paid by passengers between those two points, and the company failed to comply with their contract in this, that they failed to deliver his baggage safely at Winona, as they had undertaken. There was no notice given to the agents of the road of the contents of the trunk, nor was any compensation paid for its carriage beyond the usual fare of a passenger.

The facts and the proceedings show that he placed the trunk and contents in charge of the officers of the road as his *baggage ;* and the courts will not give him redress beyond that which falls within the legal definition or common import of the term baggage.   Any other rule would be manifestly unjust: the agents of the road have no right to examine the trunks of travellers, nor to demand any information of their contents ; they have the right to presume that each trunk contains only the ordinary baggage suited to the condition, habits, and rank of the traveller, and the length of the journey proposed.

To illustrate:   Should a passenger with a through ticket from New York to New Orleans desire to transport $50,000 worth of diamonds with his personal baggage, he clearly would not be entitled, for the usual price of a through ticket, to require each road over which he passed to insure this package of valuables.   The implied undertaking of the road cannot be thus extended.

It is an incontrovertible principle that no person has a right, by practising concealment or fraud, to impose a duty upon another which he would not, if acting advisedly, have undertaken. *Orange County Bank* v. *Brown,* 9 Wend. 85.   That was case in which the traveller's trunk contained $11,250 and he sought to recover it as part of his baggage.   The court held that it did not fall within the commonly received import of the term baggage, and that an attempt to have it carried free of reward under cover of baggage, was an imposition upon the

carrier. So, in the present case, we are at a loss to conceive how in the present age of civilization and refined taste, three gold watches, two silver watches, and a gold medallion are necessary to the outfit of a gentleman travelling from Grand Junction to Winona.

*J. Z. George* for defendant in error.

The declaration is very inartificially drawn, but it seems clear that the gravamen of the action is not a breach of a contract, but the tort of defendant in putting the trunk off at the depot at Grenada, and refusing to take care of the same. *Hearn* v. *McCaughn*, 32 Miss. 18; *Allbritton* v. *N. O., J. & G. N. R. R. Co.; N. O., J. & G. N. R. R. Co.* v. *Hurst*, 36 Miss. 666.

It is not denied that a common carrier of passengers is only liable as insurer for necessary and convenient baggage of a passenger, when the common carrier himself is guilty of no positive wrong in destroying it. But it seems to be well sustained by reason, that if the carrier himself, or his agent, commits a robbery of the goods of another, delivered for transportation, that he cannot claim the protection of this rule. He then becomes a trespasser or wrong-doer, and is liable for all the damage done by his wrongful act. That this is so, where the carrier himself is the robber, there can be no doubt, unless the fact of his being a carrier exempts him from liability for his wrongful acts.

The rule is the same when the wrong is done by his agent, and especially is this so where the carrier is a corporation and incapable of acting except through an agent. See *Allbritton* v. *N. O., J. & G. N. R. R. Co.*, 38 Miss. 242, 277-8.

But the declaration shows that the loss occurred after the deposit in depot at Grenada, and it occurred by virtue of carelessness and negligence of defendant. The proof shows the same. Hence the defendant may be regarded as a bailee without hire—called a depositary. And in that light defendant is responsible. See Story on Bailments, ch. 2.

The idea on which carriers are relieved from responsibility as insurers of merchandise transported as baggage, is, that they

have received no compensation therefor. In such a case the delivery of extra merchandise is a mandate. The R. R. Co. is a mandatary.

Regarding it in this light, the responsibility of the R. R. Co. is clear.

He is bound to use diligence, and is liable for negligence and misfeasance. See Story on Bailments, § 164, et seq.

The distinction must be kept in mind between the obligations of common carriers as insurers against all loss, except the act of God, &c., and the liability to make good a loss occurring from their positive negligence and misfeasance.

With this distinction in view, there can be no doubt of the liability of the defendants in this case. They refused to carry the trunk to Winona. They placed it in the depot at Grenada, and by their negligence and wrongful act it was robbed by their own agent, as the proof will warrant.

PEYTON, J., delivered the opinion of the court.

The defendant in error institutes his action of assumpsit in the Circuit Court of Carroll county, to recover of the plaintiffs in error, as common carriers, the value of a trunk and its contents, delivered to the plaintiffs in error, to be transported by them on their railroad from Grand Junction in Tennessee to Winona in Mississippi, which, it is alleged, were wholly lost to the defendant in error, through the carelessness, negligence and default of the plaintiffs in error.

To the declaration, the plaintiffs in error filed the pleas of not guilty and non assumpsit, and four special pleas, to which demurrers were sustained, and leave given to plead over, which they declined to do.

On the issues presented by the two first pleas, the cause went to trial, which resulted in a verdict and judgment in favor of the defendant in error for the sum of $488.57. To reverse which judgment, the plaintiffs in error now prosecute their writ of error here.

The first error assigned is, that the court erred in allowing any proof to be made as to watches, ladies' dresses, and other

articles in the trunk of the defendant in error, not part of his ordinary baggage.

The defendant in error offered to prove, as appears by the bill of exceptions, that the trunk contained, among other things, two silver watches and two gold watches.    To the introduction of this testimony, the plaintiffs in error objected, the objection was overruled by the court, and the testimony admitted.    The watches in the trunk, the defendant wearing one upon his person, were clearly no part of the baggage; the court therefore erred in admitting the testimony.

The implied undertaking of the proprietors of stage-coaches, railroads and steamboats, to carry in safety the baggage of passengers, is not unlimited, and cannot be extended beyond *ordinary* baggage, which consists of such articles of necessity or convenience as are usually carried by passengers for their personal use, comfort and convenience; and not merchandise or other valuables, although carried in the trunks of passengers, which are not designed for any such purposes.    Angell on the Law of Carriers, 115; Story on Bailments, § 449; 6 Humphrey, 624; *Bomar* v. *Maxwell*; 9 Humphrey, 620; *Jordan* v. *Fall River Railroad*, 5 Cushing, 69; *Collins* v. *Boston & Maine Railroad*, 10 Cushing, 506; *Johnson* v. *Stone*, 11 Humphrey, 419.

In the case of *Bomar* v. *Maxwell*, the court say: It is obviously impracticable to prescribe any uniform or definite rule in respect to what shall be deemed baggage.    This must be left to the jury to determine in each particular case, from the habits, rank, and condition of the passenger, with all the circumstances relevant to the inquiry.    And in the case of *McGill* v. *Rowland*, 3 Barr, 451, the court say: That if there be any attempt at imposition by the passenger upon the carrier, the court must to some extent rely upon the intelligence and integrity of the jury to apply the proper corrective.

Common carriers are not liable for articles not transported to supply any wants of the traveller, as such, on his journey, and not made known to the carriers or their agents, nor paid for as freight, but put aboard the conveyance by the passenger, simply as baggage, and so treated by himself on his journey. A reason-

able amount of baggage, by common usage, is deemed to be included in the fare of the passenger; but the courts should not allow this custom to be abused, and, under pretence of baggage, include articles not within the scope of the term or intent of the parties, and thereby defrauding the carrier of his just compensation, besides subjecting him to unknown hazards. *Doyle* v. *Kiser*, 6 Indiana, 242; *Pardee* v. *Drew*, 25 Wendell, 459; *Pettigrew* v. *Barnum*, 11 Maryland, 449

Articles treated as baggage may consist of clothing, money for defraying travelling expenses, a few books for the amusement of reading, a lady's jewellery for dressing, a watch, fishing tackle, a gun and a pair of pistols.

The second error assigned is, that the court erred in admitting proof of the money spent by the defendant in error in search of his trunk.

The defendant in error offered to prove, as appears by the bill of exceptions, the expense incurred by him in searching for his trunk. To the introduction of this testimony the plaintiffs in error objected; the objection was overruled by the court, and the testimony admitted. In admitting this testimony the court erred.

The usual contract of a carrier of passengers includes an undertaking to receive and transport their baggage, though nothing be said about it, and if it be lost, even without the fault of the carrier, he is responsible. But this implied undertaking has never been extended beyond ordinary baggage, the value of which when lost is all that can be recovered, the action not being in tort, but for a breach of contract. The *actual damage* arising from the breach is the measure of recovery in this form of action. *New Orleans, Jackson and Great Northern Road*, v. *Moore*, 40 Miss. 39.

The plaintiffs in error asked the court to instruct the jury that the plaintiff, in the action which he has instituted, is not entitled to recover for anything except that which properly falls within the term baggage. We believe this instruction states the law correctly and should have been given. The court therefore erred in refusing to give it.

For these errors the judgment will be reversed, the cause remanded, and a venire de novo awarded.