CATHERINE CONNOLLY *vs.* GEORGE WARREN & others.

Under the ordinary contract of common carriers for the transportation of a female passenger by steamship from Ireland to the United States, she is not entitled to have a featherbed, not intended for use on the voyage, carried as her personal baggage.

CONTRACT to hold the defendants liable as common carriers for the loss of a feather-bed; with a count in tort for its conversion.

At the trial in the superior court, before *Reed*, J., it appeared that the defendants were agents at Boston in this Commonwealth of owners of a line of steamships, who were common carriers of passengers between that port and Queenstown in Ireland ; that the plaintiff was an infant in Ireland, and her aunt bought for her from the defendants a ticket for her transportation by that line from Queenstown to Boston ; that with this ticket the plaintiff took passage from Queenstown on the steamship Delaware, and arrived at Boston in June 1869 ; that she was carried on a tender from the wharf in Queenstown to the steamship, which was lying in the stream there ; and that she took the feather-bed on board the tender, but it did not appear that it was transferred from the tender to the steamship. It was not questioned that, if there was any liability of the carriers for the loss of the bed, the defendants were liable as principals.

It appeared that the plaintiff took no property with her for the voyage besides the feather-bed, except a pillow and the clothing which she wore. She testified that she did not intend to use the feather-bed on the voyage ; but contended that she had a right to have it carried without extra charge, as personal baggage incidental to her own transportation, and that it was a question for the jury whether it was her personal baggage. The judge was of opinion that it was not a question for the jury ; but with the consent of the parties, in order that the opinion of this court might be taken thereon, he directed a verdict for the plaintiff for the value of the bed, which was assessed at $38, and reported the case, " if the defendants were bound, under the circumstances,

to carry the bed without any payment beyond what was paid as the price of the ticket, judgment to be rendered on the verdict for the plaintiff; if the question whether the bed was a part of the plaintiff's personal baggage is, under the facts before recited, a question of fact for the jury, the verdict to be set aside and a new trial ordered; but if, as matter of law, under the circumstances, the defendants were not bound to carry the bed unless paid for its carriage something beyond the price which had been paid for the ticket, the verdict to be set aside and judgment entered for the defendants."

*J. D. Ball*, for the defendants.

*H. N. Sheldon*, for the plaintiff. It was a question for the jury, and not for the court, whether the bed was personal baggage of the passenger. *Ouimit* v. *Henshaw*, 35 Verm. 605. And in determining it, the jury should consider her social rank and the nature of her journey. *Nevins* v. *Bay State Steamboat Co.* 4 Bosw. 225. *Duffy* v. *Thompson*, 4 E. D. Smith, 178. Baggage includes everything appropriate for the personal use of the passenger, unless in fact designed for some other purpose. The cases distinguish between what is designed for the use of the passenger, and what is carried as merchandise. Jewelry, finger-rings, a watch, a pair of spectacles, a rifle, tools of trade, and money, have accordingly been held to be baggage, in certain cases. See, besides the cases above mentioned, *Brooke* v. *Pickwick*, 4 Bing. 218; *McGill* v. *Rowand*, 3 Penn. State, 451; *McCormick* v. *Hudson River Railroad Co.* 4 E. D. Smith, 181, *Davis* v. *Cayuga & Susquehanna Railroad Co.* 10 How. Pr. 330; *Jones* v. *Voorhees*, 10 Ohio, 145; *Johnson* v. *Stone*, 11 Humph. 419; *Illinois Central Railroad Co.* v. *Copeland*, 24 Ill. 332; *Walsh* v. *Steamboat H. M. Wright*, Newberry, 494; *Jordan* v. *Fall River Railroad Co.* 5 Cush. 69; *Stimson* v. *Connecticut River Railroad Co.* 98 Mass. 83; *Dunlap* v. *International Steamboat Co.* Ib. 371.

MORTON, J. The only contract, which the plaintiff had with the defendants, was a personal contract for her safe transportation from Queenstown to Boston, to which the carriage of suitable personal baggage was incidental. The facts stated in the report

exclude the theory that the defendants were under any liability for the transportation of the bed in question as merchandise. The only question in the case is, whether the jury would be justified in finding that the feather-bed was personal baggage for the loss of which the defendants are liable under their contract for the safe transportation of the plaintiff.

In *Jordan* v. *Fall River Railroad Co.* 5 Cush. 69, the rule is stated to be, "that baggage includes such articles as are of necessity or convenience for personal use, and such as it is usual for persons travelling to take with them." In *Collins* v. *Boston & Maine Railroad Co.* 10 Cush. 506, the term baggage was held not to include articles of merchandise intended for sale and not for personal use. In *Dunlap* v. *International Steamboat Co.* 98 Mass. 371, it was held not to include money, carried in a valise, beyond a sum sufficient for the reasonable travelling expenses of the traveller.

In the case at bar, we are of opinion that the feather-bed was not a part of the personal baggage of the plaintiff, and that the defendants are not liable for it under their contract. The case finds that it was not intended for personal use during the voyage. It was an article of furniture, and it is difficult to see how it can any more properly be called personal baggage, than any other article of household furniture. The presiding judge correctly ruled that, upon the facts proved, this was a question of law. It follows that, according to the terms of the report, the verdict must be set aside and judgment entered for the defendants.

*Judgment for the defendants.*