## Case No. 5,025.

FRALOFF v. NEW YORK CENT. & H. R. R. CO.

[10 Blatchf. 16.] [1]

Circuit Court, S. D. New York. May 15, 1872.

[1] [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

Thomas C. T. Buckley and James W. Gerard, Jr., for plaintiff.

Theron R. Strong, for defendants.

SHIPMAN, District Judge (orally charging jury). The plaintiff in this suit seeks to recover of the defendants the value of certain laces which she claims to have lost out of her trunk, while it was in the custody of the defendants, and in course of transportation over their road, from Albany to Niagara Falls. She alleges, that she bought a ticket for herself, as passenger, on the 4th of November, 1869, delivered her trunk, or caused it to be delivered, to the defendants, at their baggage car, in Albany, and received from them a check therefor; that both herself and trunk passed over the route that day, reaching Niagara Falls some time after midnight; and that, on her arrival at the latter place, her trunk was found to be in a damaged condition. Of these facts there does not seem to be any serious dispute.

But the plaintiff further claims, that, when she delivered her trunk to the defendants, it was in good order, and securely fastened, and that it contained the laces which she has described in her deposition. This the defendants deny; and they say that the evidence on this point is not sufficient to warrant you in finding that these laces were in her trunk at the time they received it from her at Albany. On this point the burden of proof is on the plaintiff. I do not propose to rehearse the evidence. You will remember it, especially as it was very fully and recently commented on by counsel on both sides, and say whether or not you are satisfied that the laces in question formed part of the contents of the trunk at the time it was placed in the baggage car at Albany. If they did not, then the defendants are not liable in this action, and your verdict should be for them. If, on the other hand, you are satisfied that the laces did constitute a portion of the contents of her trunk when it was received by the defendants, and that they constituted a part of her reasonable and ordinary baggage, then your verdict must be for the

plaintiff. This is very obvious. The defendants admit that they are common carriers of passengers over the route in question; and, as such, they are responsible for all reasonable and proper baggage of those they transport, while it is in their custody. They are bound to return it to the traveller in substantially the same condition as that in which they received it, and no excuse can exonerate them from the non-performance of this duty, except the act of God or the public enemies, neither of which are pretended in this case. It is immaterial, then, if these laces were in fact abstracted from the trunk while in the defendants' custody, by whom it was done, if it was not done by the plaintiff herself, or by her assent or connivance.

You will have no difficulty in disposing of this part of the case. The evidence is not long or complicated, and you will readily determine whether or not the articles alleged to have been lost by the plaintiff were, or not, delivered to the defendants at Albany, and lost while in their custody. If you find the claim of the plaintiff in this respect true, you will, as I have already intimated, find a verdict for her. The question will then arise as to what amount of damages she is entitled to. This is a very important question, and yet one upon which there is very little proof upon which you can lawfully act. This renders it proper that I should submit some considerations to you in regard to the condition of the evidence as to value.

The plaintiff, in her deposition, describes the character and quality of the laces which she says she lost, to some extent, but she fixes no value which can be any guide to you, acting as you are under oath, and bound to come to definite results upon definite evidence, or upon such evidence in regard to facts, as alone would warrant you in deducing a definite price. The plaintiff states, that she purchased none of these laces, and that they were purchased by no one, at least within living memory; and it is inferrible from her statements, that there is no one living who can testify as to the cost of their manufacture. She says that they were made many years ago, and were inherited by her from her grandmother, or received by way of gift from her aunts. Nor is the plaintiff able to testify as to the value of similar laces which, to some limited extent, are sold in the markets of the world. Vague hints, such as that attributed to the empress, that they were worth a kingdom, or the evidence of some of the plaintiff's witnesses, that they were very beautiful, unique and exquisite, furnish no reliable guide by which you can fix a definite price. The defendants, if liable, are only liable for the value of these laces at the time they were lost, and that value is to be ascertained, if at all, by a money standard. Neither courts nor juries are permitted to assess values upon conjecture. They must have proof of value, or evidence of such facts

as will warrant a deduction of the value with reasonable certainty. This is peculiarly true in regard to articles like these laces, the character and value of which are not generally known. According to the statement of the plaintiff, she possessed the only specimen of one kind of this lace, except a similar one belonging to the queen of England. It is obvious, therefore, that, before you can say, by your verdict, what the value of these lost articles was in November, 1869, you must have some specific information on that precise point, and it must come from witnesses, or some one witness who is competent to speak on the subject. The counsel for the plaintiff claims, that you can find sufficient evidence of that character in the statements of Mrs. Carter, who has been before you. And it is true that Mrs. Carter gave some evidence as to the value of laces which bear the same name as some of those which the plaintiff alleges that she lost. This evidence is very meagre, and I admitted it with considerable hesitation. But it is before you, for your consideration, and it is the only evidence in the case which approximates to any precise valuation. Counsel on both sides have referred to it, in their arguments to you, and have submitted to me computations based upon her evidence. You will remember her statements. Upon some laces of the same general character she did give the prices. I was compelled to restrict her testimony to the narrowest width and the poorest quality, for the reason that no specimens of the plaintiff's laces were here, to be submitted to her inspection and judgment. You will recollect what the plaintiff said about the quantity and character and variety of the laces which she claims to have lost. You will also recollect the values which Mrs. Carter gave of the similar kinds, upon which she expressed an opinion; and you must arrive at their value as best you can. I think it my duty to say to you, that, by no computation, however liberal, based upon Mrs. Carter's prices, can the value of the laces in question, to which Mrs. Carter's estimates refer, exceed one thousand dollars. I do not say that it would reach that sum, but I do say that it will not exceed it. In regard to the laces upon which Mrs. Carter could fix no price, which the plaintiff lost, (if she did lose them,) she will be entitled to nominal damages only.

I have been thus particular in directing your attention to the peculiar condition of the evidence on this question of damages, because, an error on your part on this point might render this trial fruitless of any good result. Had the plaintiff produced in court the specimens of the laces which she referred to in her deposition, and which were marked as exhibits, but not attached to her deposition, and satisfied you that they fairly represented those she lost, there would have been some definite evidence before you, from which you could ascertain their value. That she has not done so is, in judgment of law, her

own fault, and the consequences of that fault cannot be visited upon these defendants.

On the question, whether the action is properly brought in the name of the plaintiff, she being a married woman, I charge you in the affirmative. On the question to which counsel have called my attention, and requested me to instruct you, as to whether the lost laces were reasonable apparel and baggage, reference being had to the social position and wealth of the plaintiff, the state of her health, and the object of her journey, I have no remarks to submit to you, inasmuch as, by the proofs in the case, so far as they go, the value and character of this ornamental apparel was not greater than any respectable lady, traveling in a foreign country, might reasonably carry in her trunk.

You will consider the evidence before you, in the light of these instructions, and return such a verdict as that evidence will warrant, adding interest to the principal sum, from November 4th, 1869, to the present time, at the rate of seven per cent. per annum.

The jury were discharged without agreeing on a verdict.