TEX. & PAC. R. R. Co. v. W. L. FERGUSON.

(No. 2264, Op. Book No. 2, p. 610.)

APPEAL from Tarrant County. Opinion by WALKER, R. S., P. J.

§ 1253. *Common carriers; liability of connecting lines of railroad for loss, etc., of property in transportation.* Appellee bought emigrant tickets at Grenada, Mississippi, for himself and family to Dallas, Texas. He bought the tickets from the agent of the Memphis & Tennessee R. R. Co. His family and himself made the trip on these tickets, a portion of the way being over appellant's line of road, that is, from Texarkana to Dallas. He had five trunks checked as baggage at Grenada by virtue of his tickets,

his checks therefor being stamped thus: "Ft. Worth — Grenada, Miss., via T. & P., I. M. L. M. R., M. & T. R. R." Two of the five trunks were never delivered to appellee. The contents of these trunks consisted of feather beds, quilts, blankets, coverlets, counterpane and wearing apparel, aggregating in value $250.25. This suit was brought by appellee to recover of appellant the value of the goods lost and damages in the sum of $250. Verdict and judgment for appellee for $274.80. *Held*, the question involved under the first assignment of error is presented in the proposition of appellant's counsel in their brief as follows: "When a common carrier is sued for lost baggage it is necessary for the passenger to show that it came into the carrier's hands." [NOTE.— In this case the evidence did not show that appellant had received the trunks which were lost.] We have very recently determined this question, so far as it may be sought to be applied to facts like those which constitute the plaintiff's case. In the case of the Texas & Pacific R. R. Co. v. Fort [*ante*, p. 722], referred to us by the court of appeals at the present session, we held, in an opinion delivered by Judge Delaney, that the reverse of the proposition above quoted is true. We held in that case that where a passenger procured a ticket and check for his passage and baggage at one end of a continuous line of railway, running over several railroads belonging to different companies, which tickets and checks were sold by a ticket agent at one of the termini of such route, and who represented for that purpose all of said railroads, and furnished baggage checks indicating by name each of said railroads, that each one of these railroad companies became responsible for the due transportation and delivery of the baggage; that the checks so delivered to the passenger were the checks of each one of the railroad companies along that line of transportation, and that, in order to hold either one of the railroad companies liable for the loss of the baggage, the passenger would not be required to show that he delivered the bag-

.gage to any other of the said railroad companies than that one at the terminus of the route where he procured the ticket and check. The rule on this subject is thus .laid down by Judge Redfield in his Treatise on Railways .[2 Red. on Rail. § 171]: "And where different railways, forming a continuous line, run their cars over the whole line, and sell tickets over the whole route, and check baggage through, an action lies against either company for the loss of baggage." [Citing 4 Seld. 37.] The person selling the ticket and receiving the baggage is treated .as the agent of each company, and in the case cited, the case being against the last company on the route, notwithstanding there was no evidence in the case where the loss occurred, the company was held liable for the loss. In Harp v. The Grand Era, 1 Woods' C. C. R. 186, the court in its opinion, citing Hart v. R. R. Co. 4 Seld. (N. Y.), *supra*, 37, remarks: "Any other rule would subject shippers and consignees to such great inconvenience and uncertainty as to amount to a denial of a remedy. It sometimes occurs that in the course of transportation freight passes into the custody of four or five different steamers or railroads, all forming one line and giving through bills of lading. To require the owner to ascertain to which one the damage is attributable before he brings his action is putting a burden upon him which makes relief almost impossible. Each carrier is the agent of all the others to accomplish and complete the carriage and delivery of the goods where a through bill of lading is given and freight charged." The reasons thus given commend the rule as being founded on the wisest and best public policy, and we shall adopt it as the proper and true rule. The first ground of error is therefore not well taken.

§ 1254. *Damages; expenses incurred in searching for lost baggage, etc., not recoverable; interest not recoverable.* The second, third and fourth assignments of error are each well founded, and they are as follows: 1. The court erred in not giving defendant's special charge No. 2.

That charge was this, viz.: "Plaintiff is not entitled to recover damages for expenses incurred in searching for his baggage, further than such expenses as were necessarily incurred in ascertaining whether said baggage had reached Dallas." 2. The court erred in not giving defendant's special charge No. 3, viz.: "Plaintiff is not entitled to recover for the loss of articles of bedding in this cause, unless it appears in evidence that such bedding was intended to be used on plaintiff's trip from Mississippi to Texas, as such articles do not come within the meaning of baggage of passengers." 3. The court erred in charging the jury that, if they found for plaintiff, they might award him damages for the value of his goods, and, in addition, eight per cent. damages from the time when said goods ought to have reached Dallas. The plaintiff is entitled to recover no more than the value of the articles lost; and their fair market value is deemed an ultimate compensation to the passenger. This is the proper measure of his right of recovery. [10 Blatchf. 16; 24 Ill. 332; 4 L. S. (N. S.) 216; 40 Miss. 39.] The plaintiff cannot recover as damages for the loss of his baggage the expense incurred in making search for it. [41 Miss. 671.] Interest is not recoverable upon the value of the property lost from the date of the loss to the date of the judgment, unless where it is admissible to allow it, not by way of incident to the debt, but where it is allowed "by way of mulct or punishment for some fraud, delinquency or injustice of the debtor, or for some injury done by him to the debtor." [Fowler v. Davenport, 21 Tex. 635.] This although the general rule has been of late greatly modified in some of the states of the Union. It is laid down by Mr. Sedgwick in his work on the measure of damages, 6th ed., p. 466, that "it is a general rule that interest is not recoverable on unliquidated demands." He quotes authority abundantly to support the proposition, among which the remark of Judge Washington at *nisi prius*, that "it is not agreeable to legal principles to allow interest on contested claim in damages." It is said

in a note, however, that recent decisions have modified this general rule, citing cases to illustrate the qualifications of the rule from several states of the Union. Without attempting to present the modern discriminations as to the doctrine under consideration as decisions have applied it, we are not prepared to say that the recent modifications have altered the rule as it has been up to this time recognized in our state in its application to a question of damages resulting not from tort, trover or trespass, but from a cause of action founded on breach of contract merely, to transport baggage. For a discussion of the subject in the light of modern decisions, see Sedgwick on Dam. (6th ed.), pp. 466-477.

§ 1255. *Baggage of passenger; what is, is a mixed question of law and fact.* The court erred in refusing to give the third special instruction asked to be given by the defendant. If the articles of bedding contained in the plaintiff's trunk were not intended to be used on the trip which the plaintiff was making, for his personal use and comfort, or that of his family traveling with him, but were being transported by him in that mode merely for future or prospective household use; being conveyed, in a word, as ordinary freight is sent from one place to another, the articles referred to would not be considered as baggage in a sense whereby the railroad company would be liable for its loss, under the rules of law which apply to a railroad company's liability for baggage. Whether such articles fall within the meaning of a passenger's personal baggage or not, is a mixed question of law and fact, to be determined by the jury under proper instructions from the court. It is correctly remarked in the "notes" to Thompson's Carriers of Passengers, p. 510, § 1, that "it is of course impossible to give any general rule which will be equally applicable to all cases, for the determination of what is, and what is not, properly baggage. This depends to a very great extent upon the circumstances of each individual case — upon the length of the journey; the purpose for which it is made; the position in

life and occupation of the traveler; the mode of conveyance, and the character of country through which he intends to pass. The adjudicated cases on the subject justify the statement that anything may .be carried as personal baggage which travelers usually carry for their *personal* use, comfort, instruction or amusement, having regard to the circumstances enumerated above." [Citing numerous authorities.] "Thus, while it would manifestly be improper to permit a business man, making a short trip on a railroad, to recover for bedding packed with his baggage, yet it was held in the case of a steerage passenger upon a sea voyage, who was bound to provide his own bedding, that a reasonable amount of such articles properly constituted a part of his baggage, and if lost was the subject of recovery." [See, also, Hutch. on Carriers, §§ 679, 684, 685, 686; 98 Mass. 83, 371; 106 Mass. 146; 10 Cush. 506.] On another trial, the application should be made of these rules which relate to the kind of baggage for which the defendant is liable as a carrier, and, under proper instructions to the jury, they will determine whether the defendant is liable for the loss of all the articles that were contained in plaintiff's trunks, or, if not, as to what portion thereof it was liable.

June 21, 1882.         Reversed and remanded.