## TEXAS AND PACIFIC RAILWAY COMPANY v. W. L. FERGUSON.

### COURT, OF APPEALS, AUSTIN TERM, 1882.

*Common carriers—Lost baggage.*—Where different railways, forming a continuous line, run their cars over the whole line and sell tickets for the whole route, and check baggage through, each carrier is the agent of all the others to accomplish and complete the carriage and delivery of the goods, and an action will lie against either carrier for the baggage lost.

*Measure of damages.*—The market value of the articles lost is deemed an ultimate compensation, and this is the proper measure of the right of recovery.

*Expense of search.*—Damages cannot be recovered for expense incurred in making search for lost baggage.

*Interest on unliquidated claim.*—Interest, as a general rule, is not recoverable on unliquidated demands, and it cannot be said that the recent modifications of the rule has unsettled the rule heretofore applicable in this State.

*What is baggage?—Rule.*—Articles not intended to be used on the passenger's trip, but being transported merely for future or prospective household use, is not considered baggage in that sense whereby the railway company would be liable for its loss, and a refusal of a charge asking such instruction to the jury was error.

Plaintiff's amended petition, September term, 1881, states in substance: That the defendant's railroad extends from Texarkana on the east to Fort Worth; that during 1880 defendant was doing a business of carrying passengers in connection with the Mississippi and Tennessee Railroad; that on November 4, 1881, plaintiff took passage on last road, having procured tickets on the same at Grenada, Mississippi, for Dallas, Texas, by way of the Texas and Pacific Railroad, in connection with other roads, and there had three trunks of baggage checked to Fort Worth, checks being given him stamped thus: "Ft. Worth. Grenada, Miss., via T. & P., I. M., M. L. R., M. & T. R. R;" said trunks containing two feather beds worth $80; ten quilts, $70; three ditto, $9; two blankets, $6; coverlet, $8; counterpane, $3, and wearing apparel, in all worth $250.25; that defendant did not safely transport and deliver to

him at Fort Worth or elsewhere said baggage, and by reason of defendants negligence said baggage was lost, to his great inconvenience, trouble and expense, in being deprived of the use of said baggage, and in his efforts to find it, to his damage $250.

Defendant filed demurrer and general denial.

The jury returned a verdict for $274.80, on which judgment was rendered.

Defendant filed motion for new trial.

Motion for new trial denied. Defendant excepted and gave notice of appeal.

The evidence showed that plaintiff bought immigrant tickets at Grenada, Mississippi, for himself and family, from the Memphis and Tennessee Railroad, and came through on said tickets to Dallas, and from Texarkana to Dallas on defendant's railroad. He had five trunks checked at Grenada, but only two have ever been delivered to him by defendant, though repeated demands have been made. Plaintiff testified: As I passed through Texarkana, I saw all five of my trunks in the depot. I saw the baggage car of the train I was on burn, fourteen miles this side of Texarkana.

Opinion by Walker, J.—The question involved under the first assignment of errors is presented in the proposition of appellant's counsel in their brief, as follows: "Where a common carrier is sued for lost baggage, it is necessary for the passenger to show that it came into that carrier's hands." We have very recently determined this question, so far as it may be sought to be applied to facts like those which constitute the plaintiff's case. In the case of the Texas and Pacific Railroad Co. v. Fort, referred to us by the Court of Appeals at present session (Texas Law Reporter, vol. 1, 289), we held, in an opinion delivered by Judge Delaney, that the reverse of the proposition above quoted is true. We held in that case that where a passenger procured a ticket and checks for his passage and baggage at one end of a continuous line of railway, running over several railroads belonging to different companies, which ticket and checks were sold by a ticket agent at one of the termini of such route, and who represented for that purpose all of said railroads, and furnished baggage checks indicating by name each of said railroads, that each one of those railroad companies became responsible for the due transportation and delivery of the baggage; that the checks so delivered to the passenger were the checks of each one of the railroad companies along that line of transportation, and

that in order to hold either one of the railroad companies liable for the loss of the baggage, the passenger would not be required to show that he delivered the baggage to any other of the said railroad companies than that one at the terminus of the route where he procured the ticket and checks.

The rule on this subject is thus laid down by Judge Redfield in his Treatise on Railways (vol. 2, sec. 171). "And where different railways, forming a continuous line, run their cars over the whole line, and sell tickets for the whole route, and check baggage through, an action lies against either company for the loss of baggage." (Citing Hart v. Rensellaer, 4 Seld., 37.)

The person selling the tickets and receiving the baggage is treated as the agent of each company, and in the case cited, the suit being against the last company on the route, notwithstanding there was no evidence in the case where the loss occurred, the company was held liable for the loss. In Harp v. The Grand Era, 1 Woods' C. C. R., 186, the court, in its opinion, citing Hart v. Railroad, 4 Seld. N. Y., *supra*, 37, remarks: "Any other rule would subject shippers and consignees to such great inconvenience and uncertainty as to amount to a denial of a remedy. It sometimes occurs that in the course of transportation, freight passes into the custody of four or five different steamers or railroads, all forming one line, and giving through bills of lading. To require the owner to ascertain to which one the damage is attributable before he begins his action is putting a burden upon him which makes relief almost impossible. Each carrier is the agent of all the others, to accomplish and complete the carriage and delivery of the goods, when a through bill of lading is given and freight charged."

The reasons thus given commend the rule as being founded on the wisest and best public policy, and we shall adopt it as the proper and true rule. The first ground of error, therefore, is not well taken.

The second, third and fourth assignments of error are each well founded, and they are as follows:

2. The court erred in not giving defendant's special charge No. 2. That charge was this, viz: "Plaintiff is not entitled to recover damages for expenses incurred in searching for his baggage further than such expenses as were necessarily incurred in ascertaining whether said baggage had reached Dallas."

3. The court erred in not giving defendant's special charge No.

3, as follows, viz: "Plaintiff is not entitled to recover for the loss of articles of bedding in this cause, unless it appears in evidence that such bedding was intended to be used on plaintiff's trip from Mississippi to Texas, as such articles do not come within the meaning of baggage of passengers."

4. The court erred in charging the jury that if they found for plaintiff, they might award him damages for the value of his goods, and in addition 8 per cent damages from the time when said goods ought to have reached Dallas.

The plaintiff is entitled to recover no more than the value of the articles lost; and their fair market value is deemed an ultimate compensation to the passenger. This is the proper measure of his right of recovery. (Fraloff v. New York, etc., R. R. Co., 10 Blatchf., 16; Illinois, etc., R. R. Co. v. Copeland, 24 Ill., 332; Anderson v. Northeastern R. R. Co., 4 L. S. (N. S.), 216; New Orleans, etc., R. R. Co. v. Moore, 40 Miss., 39.)

The plaintiff cannot recover, as damages for the loss of his baggage, the expense incurred in making search for it. (New Orleans, etc., R. R. Co. v. Kennedy, 41 Miss., 671.)

Interest is not recoverable upon the value of the property lost from the date of the loss to the date of the judgment, unless, where it is admissible to allow it, not by way of incident to the debt, but where it is allowed " by way of mulct or punishment for some fraud, delinquency or injustice of the debtor, or for some injury done by him to the creditor." (See Fowler v. Davenport, 21 Texas Report, 635–6.)

This, although the general rule, has been of late greatly modified in some of the States of the Union.

It is laid down by Mr. Sedgwick, in his work on the Measure of Damages, (sixth ed.) p. 466, that " it is a general rule, that interest is not recoverable on unliquidated demands." He quotes authority abundantly to support the proposition, among which the remark of Judge Washington, at nisi pruis, that " it is not agreeable to legal principles to allow interest on unliquidated or contested claims in damages."

It is said in a note, however, that recent decisions have modified this general rule, citing cases to illustrate the qualification of the rule from several States of the Union. Without attempting to present the modern discriminations as to the doctrine under consideration, as decisions have applied it, we are not prepared to say that

the recent modifications have unsettled the rule as has been, up to this time, recognized in our State in its application to a question of the measure of damages resulting, not from tort, trover or trespass, but from a cause of action founded on breach of contract merely to transport baggage. For a discussion of the subject in the light of modern decisions, see Sedgw. Meas. Dam. (sixth ed.), top pp. 466 and 477, and notes; marg. pp. 377 and 385–6.

The court erred in refusing to give the third special instruction asked to be given by the defendant. If the articles of bedding contained in the plaintiff's trunks were not intended to be used on the trip which the plaintiff was making, for his personal use and comfort, or that of his family traveling with him, but were being transported in that mode merely for future or prospective household use—being conveyed, in a word, as ordinary freight is sent from one place to another—the articles referred to would not be considered as baggage, in a sense whereby the railroad company would be liable for its loss under the rules of law which apply to a railroad company's liability for baggage. Whether such articles fall within the meaning of a passenger's personal baggage or not, is a mixed question of law and fact, to be determined by the jury, under proper instructions from the court. It is correctly remarked in the "notes" to Thompson's Carriers of Passengers, p. 510, sec. 1, that "It is of course impossible to give any general rule which will be equally applicable to all cases, for the determination of what is and what is not properly baggage. This depends, to a very great extent, upon the circumstances of each individual case, upon the length of the journey, the purpose for which it is made, the position in life and occupation of the traveler, the mode of conveyance, and the character of country through which he intends to pass. The adjudicated cases on this subject justify the statement that anything may be carried as personal baggage which travelers usually carry for *personal* use, comfort, instruction or amusement, having regard to the circumstances enumerated above." (Citing numerous authorities.) Thus, while it would be manifestly improper to permit a business man, making a short trip on a railway, to recover for bedding packed with his baggage, yet it was held in the case of a steerage-passenger upon a sea voyage, who was bound to provide his own bedding, that a reasonable amount of such articles properly constituted a part of his baggage, and, if lost, was the subject of recovery. (See also Hutch. on Carriers, sec. 679, 684–6; 98 Mass., 83, 371; 106 Mass., 145; 10 Cush., 506.)

On another trial, the application should be made of these rules which relate to the kind of baggage for which the defendant is liable as a carrier, and under proper instructions to the jury, they will determine whether the defendant is liable for the loss of all of the articles contained in the plaintiff's trunks, or if not, as to what portionthere of the railway company may be liable.

We conclude that the judgment ought to be reversed and the cause remanded.

Examined and approved, and judgment reversed and cause remanded.—WHITE, P. J.